UNITED STATES DISTRICT COURT
Southern District of Florida
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

CASE NO: 14 62248 CV

STYLE: Cottage Intl v. Buena Vista

DATE: 7-22-16

The Chambers of the Honorable William P. Dimitrouleas has received the attached document. After review, it has been determined that this document requires the following action by the Clerk's Office:

_______ Docket this document as a motion for ______________________

_______ Docket this document as a response to the following motion: ______________________

_______ Docket this document as an answer ______________________

_______ Docket this document as ______________________

__X__ Other: Undeliverable Mail

Signed: T. Barlow

Name: Tammy Barlow

Title: Judicial Secretary

United States District Court
SOUTHERN DISTRICT OF FLORIDA
WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE
299 EAST BROWARD BOULEVARD, ROOM 205 F
FORT LAUDERDALE, FLORIDA 33301-1902

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $ 300.00

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.69⁰
02 1P
MAY 28 2015

Sham Maharaj, pro se
P.O. Box 691845
Orlando, FL 3[illegible]

NIXIE 339 SE 1 0007/18/16

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

IA

BC: 33301194499 *2206-05275-29-43

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-62248-CIV-DIMITROULEAS

COTTAGE INTERNATIONAL,
DEVELOPMENT GROUP, LLC,

Plaintiff,

vs.

BUENA VISTA CORPORATION,
WILLIAM J. SCHWARTZ,
and SHAM MAJARAJ a/k/a
SHAMANAND MAHARAJ,

Defendants.
_______________________________________/

**FINAL JUDGMENT AND ORDER CLOSING CASE**

THIS CAUSE is before the Court upon the Court's Order Granting Plaintiff's Motion for Summary Judgment, entered separately today. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Judgment is hereby entered in favor of Plaintiff Cottage International Development Group, LLC and against Defendants William J. Schwartz, and Sham Majaraj a/k/a Shamandand Maharaj, jointly and severally.[1]

2. Plaintiff shall recover from Defendants the sum of $1,338,911.40 (consisting of $1,300,000 in principal and $38,911.40 in interest, which reflects interest at the rate of 4.75% from September 12, 2014 until April 30, 2015), plus per diem interest of $169.18 from and including May 1, 2015 until the date of judgment, for all of which sums let execution issue.

---

[1] The Court previously entered a Default Judgment against Defendant Buena Vista Corporation. (DE 21.)

3. The judgment shall bear post-judgment interest at the rate as prescribed by 28 U.S.C. § 1961.

4. The Court reserves jurisdiction to tax costs and/or attorney's fees upon the filing of an appropriate motion.

5. Any remaining pending motions are hereby **DENIED AS MOOT**.

6. The Clerk is hereby directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of May 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record

Sham Maharaj, pro se
P.O. Box 691845
Orlando, FL 32869

William J. Schwartz, pro se
1089 Arrowtree Blvd
Clermont, FL 34715

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62248-CIV-DIMITROULEAS

COTTAGE INTERNATIONAL,
DEVELOPMENT GROUP, LLC,

Plaintiff,

vs.

BUENA VISTA CORPORATION,
WILLIAM J. SCHWARTZ,
and SHAM MAJARAJ a/k/a
SHAMANAND MAHARAJ,

Defendants.

_______________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Plaintiff Cottage International Development Group's Motion for Summary Judgment ("Motion") against Defendants William J. Schwartz, and Sham Majaraj a/k/a Shamandand Maharaj (the "Individual Defendants"), filed April 28, 2015. (DE 25.) The Individual Defendants failed to file a response. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff brought this action for breach of contract arising out of a mediated settlement agreement (the "Agreement" or "Settlement Agreement") between Cottage and Defendants Buena Vista Corporation, William J. Schwartz, and Sham Majaraj a/k/a Shamandand Maharaj, in connection with the case of *Cottage International Development Group, LLC v. Buena Vista*

*Corporation William J. Schwartz, Sham Maharaj, et al.*, Case No. 13-61041-CIV-Dimitrouleas ("Cottage I").

On April 28, 2015, Plaintiff filed the instant Motion, seeking summary judgment against the Individual Defendants. (DE 25.) On May 6, 2015, this Court issued an Order of Instruction to *Pro Se* Litigant (DE 26), explaining the requirements of Rule 56 of the Federal Rules of Civil Procedure and the Local Rules, including the need to submit sworn affidavits and other appropriate materials in response to Plaintiff's Motion for Summary Judgment. The Court cautioned that "[i]f Defendants fail to submit the necessary sworn affidavits or a concise statement of material facts, this Court will accept all material facts set forth in Plaintiff's Statement of Material Facts as true in accordance with the Local Rule 56.1(b), provided there is supporting evidence in the record for Plaintiff's statement." (DE 26 at 2-3 ¶ 2.) A review of the docket indicates that Defendants failed to file any response to Plaintiff's Motion for Summary Judgment, and the time for doing so has passed.

Accordingly, the Court will deem all of Plaintiff's uncontested factual assertions, which are supported by the record, to be admitted. *See* S.D. Fla. L.R. 56.1(b); Fed. R. Civ. P. 56(c), (e). The Court will now set forth the relevant admitted facts:

On July 18, 2014, Plaintiff and Defendants Buena Vista Corp, Maharaj and Schwartz entered into a Stipulated Settlement Agreement. (DE 25-1.) In the Agreement, Defendants agreed to pay the sum of $900,000.00 by making monthly payments commencing September 1, 2014. The first payment of $20,000.00 was due on September 1, 2014. (*See id.* ¶ 2.) Because September 1, 2014 was a legal holiday, the payment was due on September 2, 2014. The Agreement provided for a ten-day grace period. (*See id.* ¶ 3.) No payment was tendered by the Defendants on or before the expiration of the first payment's grace period. (DE 25-2, Affidavit of

Nonpayment ¶ 5; DE 23, Transcript of Sham Maharaj, at 51:14-17.) Plaintiff has not received any payments under the Settlement Agreement as of January 26, 2015. (DE 25-3, Affidavit of Thomas Conneally ¶ 5.)

The Agreement provides for the entry of Judgment against all the BVC Defendants in the amount of $1,300,000.00, less payments actually made; upon the filing of an affidavit of nonpayment. (DE 25-1 ¶ 3.) The BVC Defendants are defined in the agreement as Buena Vista Corp, Maharaj and Schwartz. (DE 25-1 at 1.) The Affidavit of Nonpayment was filed as an exhibit to the Amended Complaint (DE 4-2).

## II. STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach 1 Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from

which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## III. DISCUSSION

Under Florida law, which this Court applies in this diversity action, to prevail in a breach of contract action,[1] a plaintiff must prove the following three elements: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach. *Hostway Servs., Inc. v. HWAY FTL Acquisition Corp.*, No. 09-61315-CIV, 2010 WL 3604671, at *5 (S.D. Fla. Sept. 13, 2010) (citing Florida cases). "Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). "They are interpreted and governed by the law of contracts." *Id.*

Here, the Court concludes that there is sufficient evidence in the record to support Plaintiff's Statement of Material Facts and the elements of a breach of contract claim. The parties entered into a Settlement Agreement. (DE 25-1.) As indicated by the Affidavit of Nonpayment in the record and supported by the other record evidence, no payment has been tendered by the Defendants to Plaintiff under the Settlement Agreement as of January 26, 2015. (DE 25-2, Affidavit of Nonpayment ¶ 5; DE 23, Transcript of Sham Maharaj, at 51:14-17; DE 25-3, Affidavit

[1] This Court construed Plaintiff's action as a breach of contract action. (DE 5.)

of Thomas Conneally ¶ 5.) As a result of Defendants' breach, Plaintiff suffered damages and Defendants are liable in the amount of $1,300,000.00 in principal alone. (DE 25-1 ¶ 3.)

None of the three affirmative defenses raised by Defendants are sufficient to avoid liability under the Settlement Agreement. (DE 8, 10.) Defendants' first asserted affirmative defense avers that Plaintiff cannot obtain a judgment against the individual Defendants. However, the Settlement Agreement lists the "BVC Defendants" as a party to the Agreement, which is defined as each of the Defendants: Buena Vista Corporation, Maharaj and Schwartz. Each Defendant separately executed the Settlement Agreement. Therefore, each Defendant is liable for the amounts due under the Agreement. (DE 25-1 at 1.) Defendants' second and third affirmative defenses, based upon improper venue and the ambiguity of the Settlement Agreement, are conclusory and unsupported by sufficient factual allegations or record evidence. Finally, the Court notes that Defendant Maharaj has alleged in his Answer (DE 10 at 2) that Plaintiff breached the Settlement Agreement first by giving "press coverage" that caused a business transaction to "fall apart," resulting in Defendants' inability to pay. Defendants have not cited any legal authority for his assertion, and there is no provision of the Settlement Agreement that relates to press coverage.

Thus, there are no genuine disputes of fact as to the essential elements for Defendants' liability on the Settlement Agreement. Plaintiff is entitled to summary judgment.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment against Defendants William J. Schwartz, and Sham Majaraj a/k/a Shamandand Maharaj (DE 25) is **GRANTED**.
2. The Court will separately enter a final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of May 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

Sham Maharaj, pro se
P.O. Box 691845
Orlando, FL 32869

William J. Schwartz, pro se
1089 Arrowtree Blvd
Clermont, FL 34715